UNITED STATES of America,
Plaintiff–Appellee,

v.

Humberto GOSTELOS–FUENTES,
a.k.a. Roberto Flores–Millan,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Humberto Gostelos–Fuentes, a.k.a.
Beto, a.k.a. Roberto Flores–Mil-
lan, Defendant–Appellant.

Nos. 14–10332, 14–10333.

United States Court of Appeals,
Ninth Circuit.

Submitted March 17, 2015.*

Filed June 19, 2015.

James Eric Keller, Assistant U.S., Eliza-
beth Olson White, Esquire, Assistant U.S.,
USRE–Office of the U.S. Attorney, Reno,
NV, for Plaintiff–Appellee.

Robert W. Story, Story Law Group,
Reno, NV, for Defendant–Appellant.

Before: HUG, FARRIS, and CANBY,
Circuit Judges.

MEMORANDUM **

Humberto Gostelos–Fuentes appeals
from the district court's judgments and
challenges his guilty-plea convictions and
concurrent 135–month sentences for un-
lawful reentry by a deported, removed, or
excluded alien, in violation of 8 U.S.C.
§ 1326, and conspiracy to distribute and
possess with intent to distribute metham-
phetamine, in violation of 21 U.S.C.
§§ 841(a)(1), (b)(1)(B)(viii) and 846. Pur-
suant to *Anders v. California,* 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
Gostelo–Fuentes's counsel has filed a brief
stating that there are no grounds for re-
lief, along with a motion to withdraw as
counsel of record. We have provided Gos-
telo–Fuentes the opportunity to file a pro
se supplemental brief. No pro se supple-
mental brief or answering brief has been
filed.

Gostelo–Fuentes has waived his right to
appeal his convictions and his 135–month
sentences. Because the record discloses
no arguable issue as to the validity of the
appeal waivers, we dismiss the appeals.
See *United States v. Watson,* 582 F.3d 974,
986–88 (9th Cir.2009).

Counsel's motion to withdraw as counsel
is **GRANTED.**

**DISMISSED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.